1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   THE ESTATE OF EGON KLEMENTI BY          Case No. 3:18-cv-00169-MMD-WGC
    AND THROUGH THE SPECIAL
10  ADMINISTRATOR ELFRIEDE KLEMENTI                      ORDER
    and ELFRIEDGE KLEMENTI, individually:
11                                                (ECF Nos. 7, 10, 17)
                               Plaintiff,
12      v.
13  HARTFORD UNDERWRITERS
    INSURANCE COMPANY, A
14  CONNECTICUT CORPORATION;
    JEFFREY SPENCER; Does I-XXX; and
15  ABC CORPORATIONS A-Z; inclusive,
16                             Defendants.
17
18  I.    SUMMARY
19        This case comes before the Court through Defendant Hartford Underwriters

20  Insurance Company's ("Hartford") petition to remove ("Petition"). (ECF No. 1.) The Estate

21  of Egon Klementi and Elfriedge Klementi's (collectively, "the Klementis") filed the action in

22  the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

23  (ECF No. 1-1.) Defendant removed on the basis of diversity jurisdiction under 28 U.S.C. §

24  1332(a). In turn, the Klementis moved to remand ("Remand Motion") (ECF No. 10),

25  Hartford filed an opposition to the Remand Motion (ECF No. 16), and Plaintiff replied (ECF

26  No. 19). Hartford also filed a motion to realign the parties (ECF No. 17), as an alternative

27  to remand. Additionally before the Court is Hartford's partial motion to dismiss (ECF No.

28  7), the Klementis response to that motion (ECF No. 9) and Hartford's reply (ECF No. 15).

For the reasons set out below, the Remand Motion (ECF No. 10) is denied, the motion to realign (ECF No. 17) is denied as moot, and the partial motion to dismiss (ECF No. 7) is granted in part and denied in part.

## II.    RELEVANT BACKGROUND

The following facts are taken from the Complaint unless otherwise noted. The Klementis assert that, contrary to its obligation under a homeowner's insurance policy and an umbrella policy, Hartford refused to comply with its duty to defend a separate lawsuit filed against them by Defendant Jeffrey Spencer ("Spencer") in 2014 ("Spencer Lawsuit"). (ECF No. 1-1.) As a result, the Klementis were forced to retain counsel at their own costs as well as separate coverage counsel to determine whether Hartford should provide a defense under the applicable policies. (*Id.* at 4.) The Klementis allege that subsequently, in September 2017, Hartford determined coverage was available, and agreed to provide a defense. (*Id.* at 7.) Hartford, however, insisted on substituting counsel selected by Hartford, and refused to provide for *Cumis* counsel after the Klementis insisted on proceeding with existing counsel. (*Id.* at 7-9.)

The Complaint states one claim for declaratory relief against Hartford and Spencer, and three other claims against only Hartford—breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of "Nevada's Unfair Trade Practices"[1]. (ECF No. 1-1.) The Klementis claim that as of mid-October 2017 their counsel had jointly billed $42,476.30 in legal fees and costs in defending the Spencer Lawuit and in pursuing coverage under the applicable policy. (*Id.* at 8.) Hartford's alleged failure to defend and to pay these fees and costs is associated with the Klementis' breach of contract claim. (*Id.* at 10; ECF No. 19 at 4, 6 (asserting the breach of contract damages were $49,666, at the time of removal).) The Complaint otherwise seeks "damages in excess of $10,000,"

///

---

[1]While the Complaint alleges that the fourth claim is "Breach of Nevada's Unfair Trade Practices," that act is codified at NRS § 598A.060. The Klementis, however, cite to NRS § 686A.310 ("the Statute"). The Court therefore assumes that the allegations in the fourth claim are made pursuant to the Statute.

attorneys' fees, special and consequential damages, punitive damages, and interest. (ECF No. 1-1 at 9, 13.)

Hartford removed the case on April 23, 2018 (ECF No. 1). Spencer did not join in the removal, and did not appear in this litigation until June 29, 2018 (ECF No. 25). The Klementis claim they were unable to effectuate service on Spencer until May 9, 2018, because Spencer had been avoiding service (ECF No. 10 at 9).

## III.     REMAND MOTION

### A.     Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under section 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in
///

3

controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

## B. Discussion

Hartford removed based on diversity jurisdiction, contending that the jurisdictional amount has been met and relying on the fraudulent joinder and misjoinder doctrines to argue that the parties are diverse. (ECF No. 1.) The Klementis challenge jurisdiction on both grounds. (ECF No. 10.) The Court agrees that both requirements for diversity jurisdiction are met.

### 1. Amount in Controversy

The Klementis argue that the damages as pleaded and existing at the time of removal did not exceed the jurisdictional $75,000 requirement. (ECF No. 10 at 4; ECF No. 19 at 3-4, 6.) In light of a recent decision by the Ninth Circuit, the Court finds the Klementis' argument is misguided.

Specially, the Klementis' position is that for purposes of removal, the amount in controversy is determined at the time of removal, and therefore the Court may only consider damages incurred by that time. (*Id.*) They are wrong. The Ninth Circuit clarified this point in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 414 (9th Cir. 2018). In *Chavez*, the Ninth Circuit noted its "oft-repeated statement that the amount in controversy is assessed as of the 'time of removal'." *Id.* at 417. There, like the Klementis, the plaintiff argued that this statement "means that the amount in controversy does not include any damages incurred after the time of removal." *Id.* The Ninth Circuit explained that the amount in controversy means "the amount at stake in the underlying litigation." *Id.*
///

(quotation and citation omitted). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Id.* at 418.

Here, the gist of the Complaint is that the Klementis are entitled to recover fees and costs in defending the Spencer Lawsuit because Hartford initially failed in its duty to defend and then refused to provide *Cumis* counsel after determining that coverage was available and the duty to defend was triggered. (ECF No. 1-1 at 7-9.) Accepting these allegations as true and given the Klementis' concessions[2] (ECF No. 19 at 4, 6), three categories of damages are implicated based on the nature of Plaintiffs' claims. The first category is fees and costs for the law firm of Glogovac & Pintar for defending the Klementis in the Spencer Lawsuit (ECF No. 1-1 at 8). While Section 1332(a) ordinarily excludes costs in calculating the amount in controversy, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007), the Klementis indicate that with regard to representation in the Spencer Lawsuit both should be considered in controversy. (*See id.*; ECF No. 19 at 4, 6.) Here, the relevant amount is alleged to have been $33,810.00 in mid-October 2017 (ECF No. 1-1 at 8), but the Klementis concede that amount reached $41,000 at the time of removal (ECF No. 19 at 6). The second category is $8,666 for the services of Leverty & Associates for obtaining coverage in the Spencer Lawsuit (*compare* ECF No. 1-1 at 8 *with* ECF No. 19 at 6). The third category is bad faith damages, which the Klementis concede is in excess of $15,000 (ECF No. 19 at 6). The total of the three categories leaves a deficit of $10,344 to meet the $75,000 jurisdictional requirement (*id.*).

The Spencer Lawsuit is ongoing and set for jury trial in October 2018 (ECF No. 19 at 2; ECF No. 1 at 1 n.1). It is reasonable to expect that the damage claim under the first category will more likely than not grow to an amount meeting or exceeding $75,000. The Court therefore finds that Hartford has satisfied its burden of showing more likely than not that the amount at stake meets or exceeds the jurisdictional requirement.

///

---

[2] *See Chavez*, 888 F.3d at 416 (citation omitted) (recognizing that a plaintiff is "the master of her complaint, and [that plaintiff's] concessions evinces a good faith belief").

### 2.    Complete Diversity

The Klementis contend that Spencer, like them, is a Nevada resident[3] and a proper party to this action, and therefore this action fails in this Court for a lack of complete diversity. (ECF No. 10 at 2.) While the parties' arguments are not paragons of clarity, the Court finds that Spencer has been fraudulently joined in this action.

As a general rule, a plaintiff may not defeat diversity by fraudulently joining a non-diverse party against whom the plaintiff has alleged no viable claim for relief. Fraudulent joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Here, Hartford premises fraudulent joinder on the second basis. (ECF No. 1 at 7.)

Hartford argues that Spencer is fraudulently joined for three reasons: (1) the Klementis allege no allegations against Spencer; (2) Spencer is not a signatory to the relevant insurance contract and hence is not an interested party[4]; and (3) the Klementis did not timely serve Spencer, and Spencer has not indicated a desire or legal basis to be part of this action. (*See id.* at 3-6.) The Court addresses Hartford's first two claims together because the Klementis explained that Spencer was added to the declaratory relief claim only because he is a necessary party for that claim. (ECF No. 10 at 9-10.) Therefore, the relevant inquiry is whether Spencer is a necessary party, and this question supersedes and renders irrelevant an inquiry as to whether the Klementis' pleadings (*see* ECF No. 1-

_____

[3]Diversity jurisdiction is based on a party's citizenship—not residency. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). However, Spencer's residency in Nevada is an indicia of citizenship. *id.* at 50, and Hartford does not challenge the Klementis' pleading on this basis. The Court will therefore treat Spencer as a citizen of Nevada for jurisdictional purposes.

[4]The Court views the signatory argument as integrated into Hartford's argument that Spencer is not a necessary party.

1 at 9) are otherwise sufficient. The Court agrees with Hartford that Spencer is not a

necessary party and is therefore fraudulently joined.[5]

"[A] party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citation omitted); *cf.* Fed. R. Civ. P. 19(a)(1)[6] (requiring the additional consideration as to whether the absence of the allegedly "necessary" party "leave[s] an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest"). Regarding *Bowen*'s prong (2), the interest must be more than a financial stake and more than speculation about a future event, and the absent party must actually claim the interest. *See Bowen*, 172 F.3d at 688-89 (holding that district court did not err in finding that joinder was unnecessary when the nonparty was aware of the action and chose not to claim an interest).

Here, any issue regarding underlying coverage and obligation to defend between Hartford and the Klementis can be resolved without Spencer's presence. The declaratory relief claim consists of allegations regarding Hartford's failure to defend and to pay the Klementis' attorneys' fees. (ECF No. 1-1 at 9.) The Court can dispose of these issues in Spencer's absence without impairing or impeding his, currently unmaterialized, interest(s). The Klementis argue that in the event Spencer proves a covered claim against the Klementis, he would be the ultimate recipient of any indemnification. (ECF No. 19.) But, it only matters to the Court that there has been no judgment in the Spencer Lawsuit to create a protectable indemnification interest for Spencer, and the possibility of indemnification is speculative at this juncture. Even if such a protectable interest currently existed, the issue

///

_____

[5]Consequently, the Court need not inquire into the fraudulent misjoinder issue.

[6]If a court finds that a party is necessary, the court would then need to decide whether the case could proceed without the party, or whether the party is "indispensable" and the action cannot proceed without their involvement. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

7

of indemnification is separate and apart from the issues before this Court. The Klementis provide no argument that they or Hartford would be at substantial risk should Spencer be absent from this action. Accordingly, the Court finds Spencer is not a necessary party to the Klementis' declaratory relief claim and has therefore been fraudulently joined in this action.

Based on the foregoing, the Court denies the Remand Motion (ECF No. 10).

## IV.    MOTION TO REALIGN

Alternative to denying the Klementis' Remand Motion, Hartford requested that this Court realign Spencer as a plaintiff. (ECF No. 17 at 6.) Given the Court's ruling above, Hartford's alternative motion to realign parties (ECF No. 17) is denied as moot.[7]

## V.    MOTION TO DISMISS

### A.    Fed. R. Civ. P. 12(b)(6) Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations—but not legal conclusions—in the complaint. *Id.* at 678.

///

_____

[7]The Court disagrees with the Klementis that by seeking to realign Spencer, "Hartford admits he is a necessary and indispensable party to the litigation." (ECF No. 21 at 4.)

Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## B. Discussion

Hartford moves for partial dismissal on three grounds: (1) the claim against Spencer is not valid, and therefore he and the claims against him should be dismissed; (2) the Klementis' fourth claim for relief is insufficiently pleaded, and there is no private right of action for the administrative code allegations therein; and (3) Plaintiff Elfriede Klementi ("Ms. Klementi") lacks authority to proceed with her claims on behalf of the Estate of Egon Klementi ("Estate"). (ECF Nos. 7, 15.)

The Court declines to entertain Hartford's first ground for dismissal. Hartford does not represent Spencer and therefore has no standing to request his dismissal, or dismissal of the claim against him. The Court thus denies Hartford's request. The Court agrees with Hartford that dismissal is appropriate based on the latter two grounds, but grants the Klementis leave to amend consistent with the discussion below.

### 1. Hartford's Second Ground for Dismissal

Hartford seeks dismissal of the fourth claim for relief. (ECF Nos. 7, 15; ECF No. 1-1 at 11.) As noted *supra*, Hartford's argument for dismissing this claim is two-fold. As to the private right of action argument, the Klementis concede that the Nevada Administrative Code ("NAC") does not provide a right of action and clarify that the NAC is referenced to show the standards that Hartford violated (ECF No. 9 at 4-8).

///

9

The Klementis otherwise allege that Hartford violated NRS § 686A.310. (ECF No. 1-1 at 12; *see supra* n.1.) Then in a single paragraph, they separately and without identifying the specific provisions of the Statute, allege purported violating conduct without much factual context.[8] (*Id.*) The Court finds that the pleading is unclear and confusing, fails to provide Hartford with fair notice to properly defend against the alleged violations, and does not permit the Court to infer more than a possibility of misconduct. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (stating a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively")

Accordingly, the Court will grant Hartford's request to dismiss this claim. The Court will, however, give leave to amend because the Court finds amendment would not be futile. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

### 2. Hartford's Third Ground for Dismissal

As to Hartford's third ground for dismissal, Hartford argues that Ms. Klementi lacks standing to bring claims on behalf of the Estate because she was not the special administrator at the time the Complaint was filed. (ECF No. 15 at 6.) The Court agrees.

Whether a party has standing to bring a lawsuit is determined based on facts existing when the lawsuit is filed. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) (citation omitted). "The party invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing." *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005) (citation omitted), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010).

///

---

[8]That paragraph states that "Plaintiffs incorporate the specific provisions of NRS § 686A.310(1)" and other NAC provisions. (ECF No. 1-1 at ¶ 70.) But such general reference is insufficient because § 686A.310(1) provides an exhaustive list of activities that amount to unfair practices.

1    Ms. Klementi commenced this lawsuit on March 12, 2018. But, she did not obtain

2    status as special administrator for the Estate until April 2018 when she filed the letters of

3    special administration and oath in the Ninth Judicial District Court of the State of Nevada

4    in and for the County of Douglas (ECF No. 9-2). *See* NRS § 140.030(2) (indicating that a

5    person is not rendered a special administrator until he/she takes "the usual oath of office").

6    Thus, Ms. Klementi lacked standing when she filed the lawsuit. Her claims on behalf of

7    the Estate are therefore denied without prejudice.[9]

8    **VI.    CONCLUSION**

9        The Court notes that the parties made several arguments and cited to several cases

10   not discussed above. The Court has reviewed these arguments and cases and determines

11   that they do not warrant discussion as they do not affect the outcome of the motions before

12   the Court.

13       It is therefore ordered that the Motion to Remand (ECF No. 10) is denied.

14       It is further ordered that Hartford's alternative Countermotion to Realign Parties

15   (ECF No. 17) is denied as moot.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   _____

27   [9]The Court notes that Ms. Klementi can file these claims in a new action because
     it is uncontested that she is now the Estate's special administrator. *See* NRS §
28   140.040(2)(a) (stating that a special administrator may "maintain or defend actions and
     other legal proceedings as a personal representative").

It is further ordered that Hartford's partial motion to dismiss (ECF No. 7) is granted in part and denied in part. It is denied as to the first claim for declaratory relief as asserted against Spencer. It is granted as to the fourth claim for relief and the claims Ms. Klementi brought on behalf of the Estate. Dismissal of these claims are without prejudice. The Court grants the Klementis leave to file an amended complaint to cure the deficiencies of their fourth claim for relief within fifteen (15) days. Failure to amend the Complaint within the stated timeframe will result in dismissal of the claim with prejudice.

DATED THIS 3rd day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE